RENFROE *v.* BUTTS.

722

No. 13840.   SEPTEMBER 12, 1941.

*Sibley & Allen,* for plaintiff.

*McCullar & McCullar,* for defendant.

ATKINSON, Presiding Justice. Only the ruling announced in the fourth headnote will be elaborated. This was a suit to enjoin a sale under a power contained in a security deed. The judge dismissed the action and denied the extraordinary relief prayed for. The plaintiff excepted. The petition was filed on May 6, 1940. The date when the sale was advertised to take place is not given. It is alleged that C. T. Prosser died in the year 1929. Although no copy of the deed to secure debt is attached, it is alleged that its language vesting the power of sale is as follows: "The said C. T. Prosser, his agent, or legal representative may and by these presents is authorized to sell said property, . . and the said C. T. Prosser, his agent, or legal representative may make to the purchaser or purchasers of said property good and sufficient titles," etc. The petition states that the defendant, Mrs. Laura Bell Butts,

is exercising said power of sale by virtue of being "a daughter of the grantee, and the assignee and transferee of said deed and all benefits and rights under said deed, and as the present owner of said deed and all rights thereunder by virtue of conveyances and transfers of said deed from the lawful representatives of the estate of C. T. Prosser deceased, and by virtue of being an heir of the late C. T. Prosser, and further by being the holder in fee simple of said deed and the land therein described by warranty deed from all of the heirs of the said C. T. Prosser, and further by being the lawful successor in title and in interest to said deed and said indebtedness evidenced thereby, and being the sole owner and lawful transferee and lawful assignee of all rights under said deed, the undersigned as successor in title and as the owner thereof as grantee in said deed and as attorney-in-fact for plaintiff will sell," etc. It thus appears from the allegations of the petition that she is not seeking to exercise the power as the agent or legal representative of C. T. Prosser. The judgment which is challenged contains a recital that "the court is of the opinion that under the Acts of 1937, page 482, that the plaintiff . . had the right to proceed as she .attempted to do." It is manifest from the other portions of the order that the word "plaintiff" was inadvertently used for "defendant." Before the act of 1937, Code § 37-607 was as follows: "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales." That act purported to do nothing more than to amend § 37-607 by adding at the end thereof the following: "Unless the instrument creating such power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor, may exercise any power therein contained. A. power of sale not revocable by death of the grantor or donor may be exercised after his death in the same manner and to the same extent as though such grantor or donor were in life, and it shall not be necessary, in the exercise of such power, to advertise or sell as the property of the estate of the deceased, nor to make any mention of or reference to such death."

724

At the date of the deed here involved, the power of sale therein, according to the petition, could be exercised only by the grantee, his agent or legal representative. The act of 1937, without declaring whether it is to act retroactively, or whether it looks only to powers thereafter created, merely amends the then existing Code section in the manner hereinbefore pointed out. May the defendant, being a daughter of the grantee and therefore an heir of his, exercise this power of sale conferred only on the grantee, his agent or legal representative, and contained in a deed executed before the date of the act? The rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it. *Bussey* v. *Bishop,* 169 *Ga.* 251, 253 (150 S. E. 78); *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770). The Code, § 102-104, declares that "Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation." There is nothing in the amendatory act to indicate any intention of the lawmakers to take it out of the general rule, and certainly no language that requires it; and this court will decline to read into it any such intention. It was not the purpose of the General Assembly in enacting it to do more than to provide for the exercise of certain powers of sale that might thereafter be conferred. The conclusion that it was not the intention of the lawmakers to give it any retrospective force makes it unnecessary to decide whether, if the contrary intent appeared, it would be void because in violation of the constitution, art. 1, sec. 3, par. 2 (Code, § 2-302), which prohibits the enactment of any retroactive law or law impairing the obligation of contracts. Compare *Dennington* v. *Roberta,* 130 *Ga.* 494 (61 S. E. 20); *Ross* v. *Lettice,* 134 *Ga.* 866 (68 S. E. 734, 137 Am. St. R. 281); *Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 311 (125 S. E. 709); *Morris* v. *Interstate Bond Co.,* 180 *Ga.* 689 (180 S. E. 819); *McMullen* v. *Carlton,* 192 *Ga.* 282 (14 S. E. 2d, 719).

*Judgment reversed, with direction. All the Justices concur.*