18336. McKENZIE *et al. v.* WALKER *et al.*

DUCKWORTH, Chief Justice. 1. The petition, as twice amended, sought to prevent the Macon County Board of Education from executing contracts with the Boards of Education of Taylor and Peach Counties for the transfer of school children of Marshallville and Delta Districts of Macon County to the schools of Taylor and Peach Counties; to compel the Macon County Board of Education to prepare to send the children to Macon County schools; to decree certain Code sections unconstitutional; and to prevent by injunction the board from purchasing any sites for the location of any school, or locating any schools in Macon County. On the former appearance (*Walker* v. *McKenzie,* 209 *Ga.* 653,

74 S. E. 2d 870), it was held that the Macon County board had constitutional power to execute the contracts in question. The decision above is the law of the case and can not be reviewed, and by it all matters concerning the contracts and transfer of school children are foreclosed and will not be considered further.

2. But another amendment was offered, and upon this amendment alone must plaintiffs in error depend for a reversal of the judgment sustaining a demurrer to the petition as finally amended. Two points are sought to be made by this amendment: (1) that the purchase of a site for a school building should be rescinded, and (2) that the board should be prevented from erecting a school building thereon. Neither is meritorious. The board has the lawful right to acquire school sites and "build, repair or rent" schoolhouses. Their discretion will never be controlled by courts of equity unless there is such a glaring abuse as amounts to a violation of law. *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d 886); *Fordham* v. *Harrell,* 197 *Ga.* 135 (28 S. E. 2d 463); *Pass* v. *Pickens,* 204 *Ga.* 629 (51 S. E. 2d 405); *Burton* v. *Kearse,* 204 *Ga.* 765 (51 S. E. 2d 796); *Colston* v. *Hutchinson,* 208 *Ga.* 559 (67 S. E. 2d 763). No such abuse of discretion is alleged here.

3. The last amendment to the petition, having struck the prayer for mandamus and added other features materially changing the cause of action, opened the petition to further demurrer at that time. Code § 81-1312; *Green* v. *Spires,* 189 *Ga.* 719 (7 S. E. 2d 246); *Tingle* v. *Maddox,* 186 *Ga.* 757 (198 S. E. 722); *Mooney* v. *Mooney,* 200 *Ga.* 395 (37 S. E. 2d 195). For the reason stated in headnote (2), the amended petition alleges no grounds for the relief sought, and the judgment dismissing the same must be

*Affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1953—DECIDED OCTOBER 13, 1953—REHEARING DENIED NOVEMBER 12, 1953.

*A. C. Felton III, John S. Averill, Jr.,* for plaintiffs in error.

*Garland Byrd, Sam Mathews, S. H. Dykes, Mathews & Mathews, Dykes, Dykes & Marshall,* contra.