18608. HOBBS *et al. v.* BISHOP *et al.*

WYATT, Presiding Justice. Certain named persons described as citizens and taxpayers, "most" of whom are patrons of Richland School, brought suit to enjoin certain named persons as members of the Stewart County Board of Education and the county school superintendent, to restrain the defendants from carrying out their expressed intention to consolidate the Richland White High School with the Lumpkin White High School, and likewise to consolidate the Richland Colored High School with the Lumpkin Colored High School. It was alleged that only the high-school grades of the Richland School were to be moved to the Lumpkin School, and that the elementary grades of the Richland School were not to be so moved. It was alleged that the resolutions authorizing this action were passed and adopted on July 1, 1952, and November 5, 1952. It was further alleged that, when these resolutions were passed and adopted, the defendants were prohibited by law from taking any such action. A temporary restraining order was granted. Upon the hearing, the trial court overruled the demurrer to the petition and continued in effect the restraining order. The exception here is to that judgment. *Held:*

1. When the resolutions and orders here under attack were adopted and passed by the defendants in the trial court, the law of this State was the same as it was when *Irwin* v. *Crawford,* 210 *Ga.* 222 (78 S. E. 2d 609), was decided by this court. There it was held that, under the facts alleged, a court of equity did have jurisdiction and that the very same actions alleged in the petition in the instant case to be contemplated by the defendants in the court below were illegal and unlawful. It is not necessary to repeat here what was said in *Irwin* v. *Crawford.*

2. The pleadings of both the plaintiffs and the defendants refer to certain acts of the legislature adopted since the passage of the orders and resolutions here under attack, to wit, Ga. L. 1953, Nov.-Dec. Sess., pp. 282, 307. Certain constitutional questions are urged as to both acts of the legislature. Since there is no contention that any action

has been undertaken under the authority of these acts of the legislature, they have no application to the instant case and, of course, were not for that reason passed upon by the trial court, and therefore can not be considered by this court. We must deal with the validity of the resolutions and orders under attack in accordance with the law as it was when they were adopted and not as the law now exists. If and when action is attempted under the law as passed since the adoption of the orders and resolutions now under attack, then, and only then, will these questions arise. See *Bennett* v. *Woolfolk,* 15 *Ga.* 213, and *Renfroe* v. *Butts,* 192 *Ga.* 720 (16 S. E. 2d 551).

3. There were numerous special demurrers filed to the petition and over-ruled. The only one argued in the brief of the plaintiffs in error in this court was the special demurrer calling for a copy of the orders and resolutions under attack. Since the petition sets forth in detail the terms and substance of the resolutions and orders in question, it was not error to overrule this special demurrer. Especially is this so since the instruments themselves are in the possession of the plaintiffs in error. There is no merit in the other special demurrers that were not argued in the brief of the plaintiffs in error. It follows, the judgment complained of was not error.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

ARGUED JUNE 14, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

*Fort & Fort, R. S. Wimberly,* for plaintiffs in error.
*Carl K. Nelson, Nelson & Nelson, Pace & Pace,* contra.

DUCKWORTH, Chief Justice, dissenting. I dissent on the ground that the decision cited in the majority opinion, *Irwin* v. *Crawford,* 210 *Ga.* 222 (78 S. E. 2d 609), is, in my opinion, unsound. The whole includes all of its parts, and the power to consolidate schools is the power to consolidate any parts of schools. I am authorized to say that Mr. Justice Candler and Mr. Justice Hawkins concur in this dissent.