18768.   CRAWFORD *et al. v.* IRWIN *et al.*

ARGUED OCTOBER 13, 1954—DECIDED NOVEMBER 10, 1954—REHEARING DENIED DECEMBER 2, 1954.

*Nelson & Nelson, Carl K. Nelson,* for plaintiffs in error.

*W. S. Mann, R. M. Daley,* contra.

HEAD, Justice. ■ The allegations of the petitioners' amendment are insufficient to establish any contract between the petitioners, or citizens and patrons of the Glenwood High School, with the County Board of Education of Wheeler County for the maintenance of a high school in the Glenwood District.

The Constitution of 1945, art. VIII, sec. V, par. I (Code, Ann., § 2-6801), provides in part: "Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education."

It is not contended that this or any other provision of the Constitution, or any act of the General Assembly, relating to schools in this State, confers upon a county board of education any right to contract for the maintenance of a school continuously or for any period of time in any school district in this State. The allegations of the amendment are insufficient to show any such contract by implication. Assuming that every allegation of the amendment is true, and that the patrons of the Glenwood School have contributed to the maintenance of the school all that is alleged, the most that could be said is that the citizens and patrons of this school district have shown a commendable attitude in their desire that their children have the use of the best facilities within the power of the citizens and patrons to provide. To hold that, because citizens or patrons of a school had made large contributions to the school, a contract for the continuous operation of the school had arisen by implication, would be to limit and restrict county boards of education in receiving gifts or grants for public education in this State. In the absence of any constitutional or statutory provision authorizing contracts for the continuance of a school for an indefinite period of time, a contract for continuance may not arise by im-

plication because citizens and patrons of the school have been generous and have donated good facilities for the use and benefit of the children of the school district.

■* Generally, laws take effect from the date of their enactment, and ignorance of the law is ·no excuse. Code § 102-105; *Woodburn* v. *Western Union Telegraph Co.*, 95 *Ga.* 808 (23 S. E. 116); *City of Valdosta* v. *Singleton*, 197 *Ga.* 194, 208 (28 S. E. 2d 759), and citations. The contention of the petitioners that they were surprised by the amendment pleading the act approved December 18, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 282, 283), is without merit, and the trial judge did not abuse his discretion in refusing to continue the case to the next term.

■ The act of 1953, above cited, conferred upon the County Board of Education of Wheeler County a discretion to act, with which they were not vested at the time of the decision of this court in the former appearance of this case. See *Irwin* v. *Crawford*, 210 *Ga.* 222 (78 S. E. 2d 609). The General Assembly had the power to confer on county boards of education the right to consolidate schools, ·in whole or in part, in the exercise of the discretion of such board.

In the present case the County Board of Education of Wheeler County had not adopted any formal order, motion, or resolution consolidating the two high schools. If, in the future, after a due consideration of the matter, the county board of education decides to consolidate the high school at Glenwood with the high school at Alamo, and if there should be objection, the petitioners have the right to a hearing before the county board of education and an appeal to the State Board of Education. Laws operating upon the remedy are not unconstitutional and void. Code § 102-104; *Walker Electrical Co.* v. *Walton*, 203 *Ga.* 246 (46 S. E. 2d 184), and citations.

What is said here is not in conflict with the decision of this court in *Hobbs* v. *Bishop*, 210 *Ga.* 818 (82 S. E. 2d 839). In the *Hobbs* case the board of education had adopted formal orders and resolutions for the consolidation of portions of two schools prior to the act of 1953. In the *Hobbs* case the board of education was relying upon orders and resolutions adopted at a time when the board was without a discretion to act, under the ruling of this court in *Irwin* v. *Crawford*, supra.

■ Verdicts must be founded on testimony, and where none is introduced, the defendant is not entitled to a verdict. *Stotesbury* v. *Lanier*, 42 *Ga.* 120; *Burdell* v. *Blain*, 66 *Ga.* 169 (2); *Sprinz* v. *Frank*, 81 *Ga.* 162 (7 S. E. 177); *Horne* v. *Rodgers*, 103 *Ga.* 649 (3) (30 S. E. 562).

Since there was no testimony introduced in the present case, the defendants were not entitled to have a verdict directed in their favor. This, however, does not afford cause for reversing the judgment of the court below. Since the petitioners in the cause could not prevail and were not entitled to any relief, direction is given that the verdict directed by the court, and the judgment entered thereon, be stricken and a judgment be entered denying the petitioners' prayers for relief.

*Judgment affirmed with direction. All the Justices concur, except Wyatt, P. J., who dissents.*