### 19375. BEDINGFIELD *et al. v.* PARKERSON *et al.*

ARGUED JUNE 12, 1956—DECIDED OCTOBER 8, 1956—REHEARING DENIED OCTOBER 22, 1956.

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.
*R. M. Daley, Victor Davidson,* contra.

DUCKWORTH, Chief Justice. ■ The Constitution, art. 8, sec. 5, par. 1 (Code, Ann., § 2-6801), in part provides: "Authority is granted to counties to establish and maintain public schools within their limits. Each county, exclusive of any independent school system now in existence in a county . . . *shall be confined to the control and management of a County Board of Education.*" (Italics ours.) Here is complete constitutional vesting of authority to manage and control county schools in the county board of education. It harmonizes perfectly with repeated and consistent rulings of this court. Any challenge of acts of the county board relating to control and operation of schools must be weighed in the light of this sweeping power, which clearly manifests an intent to entrust the schools to the boards of education rather than the courts. Unless the act of a board violates some law, or is such a gross abuse of discretion as amounts to a violation of law, courts should not and can not interfere.

By the 1953 act (Ga. L. 1953, Nov.-Dec. Sess., pp. 282, 283) it is provided that "The board of education of any county or independent school system is hereby authorized and empowered,

if, in their opinion, the welfare of the schools of the county or independent system and the best interests of the pupils require, to reorganize the *schools* within their jurisdiction and to determine and fix the number of grades to be taught at each school in their respective systems." (Italics ours.) The General Assembly had the power to confer upon county boards of education this right to consolidate schools in whole or in part. *Crawford* v. *Irwin*, 211 *Ga.* 241 (85 S. E. 2d 8). And since the act was approved in 1953, the resolution adopted by the Laurens County Board of Education on January 28, 1954, if such as the act covers, was authorized by the 1953 act. The mere fact that the same reorganization had been undertaken before the 1953 act, and before this suit was filed, would in no wise prevent the adoption of the resolution on January 28, 1954, after the 1953 act, and proceeding under that act. This fact alone renders the decisions in *Irwin* v. *Crawford*, 210 *Ga.* 222 (78 S. E. 2d 609); and *Hobbs* v. *Bishop*, 210 *Ga.* 818 (82 S. E. 2d 839), inapplicable, neither of which cases comes under the 1953 act. When it is remembered that the board is here defending and that the procedure by the resolution adopted on January 28, 1954, is entirely apart from and independent of their previous steps to reorganize under the old law, it becomes apparent that no attempt to breathe life into that old procedure is made, and hence *Southwestern R. Co.* v. *Paulk*, 24 *Ga.* 356 (4), *Bennett* v. *Woolfolk*, 15 *Ga.* 213 (4), and *Renfroe* v. *Butts*, 192 *Ga.* 720, 723 (16 S. E. 2d 551), cited and relied on by the plaintiffs in error, have no application.

But counsel for the plaintiffs in error, citing dictionary definitions of the word "reorganize," argue that as used in the 1953 act above it does not authorize the creation of a new school. While we accept the dictionary definition, which is "to organize again and anew," we do not accept the contention that changing the schools as here contemplated is not "reorganization" of the schools of the county. It is plainly within the definition of reorganization when applied to the schools of Laurens County to erect an entirely new building for use in the shifting of grades of those schools. No doubt placing all the high schools in one, rather than several schools, is economical and aids in the difficult job of making available funds to finance the public schools of the State sufficiently. We hold, therefore, that what is sought to be

done by the resolution adopted January 28, 1954, is easily and completely within the authority conferred by the 1953 act. The answer was not subject to the demurrers.

But the 1953 act is assailed upon nine constitutional grounds. First it is contended that, if applied as is here undertaken, the act would be made retroactive, and would be unconstitutional and void under the decisions in *Renfroe* v. *Butts*, 192 *Ga.* 720, supra, and *Davis* v. *Buie*, 197 *Ga.* 835, 842 (30 S. E. 2d 861). As pointed out in division 1, the procedure by resolution in January, 1954, under this act is in no wise applying it retroactively. This contention is without merit.

Secondly, it is contended that the act is an attempt by the legislature to construe the law, and repeal the decision of this court in *Irwin* v. *Crawford*, 210 *Ga.* 222, supra, and is therefore violative of the Constitution since it seeks to usurp powers exclusively vested in the Judiciary by the Constitution, and is void under the decisions in *McCutcheon* v. *Smith*, 199 *Ga.* 685 (35 S. E. 2d 144), and *Thompson* v. *Talmadge*, 201 *Ga.* 867 (41 S. E. 2d 883). Neither of the cases denied the legislative power to serve as a check upon the Executive and Judicial Departments. And this function is properly performed by enactment of laws. If the legislature wishes to have the law other than what the Judiciary construes it to be, it has the power and the duty to so write it within the limits of the Constitution. In the first case relied upon, this court had construed section 6 of the act not to include a named former employee, and the legislative act held to be void simply declared that section 6 without change did include that person. That was a bold attempt by the legislature to usurp judicial functions by construing a law, and we held it void. In the latter case we held that legislative attempt to construe the Constitution as to when it could elect a Governor was subject to a judicial construction thereof and must yield thereto. We have nothing similar to either of these cases here.

The third, fourth, and fifth attacks are based upon art. 3, sec. 7, par. 16 (Code, Ann., § 2-1916) of the Constitution, which requires an amendment of a law to describe the law amended, etc. Obviously the 1953 act does not come within this clause. It does not even purport to amend any particular law, but simply confers more power upon the county boards of education. Nor is it a

void attempt to repeal Code (Ann.) § 32-915 by implication as claimed in the ninth ground of demurrer. There is, under given circumstances, an amendment or repeal by implication where the later law is irreconcilable with the older law. *Morris* v. *City Council of Augusta*, 201 *Ga.* 666 (40 S. E. 2d 710); *Sprayberry* v. *Wyatt*, 203 *Ga.* 27 (45 S. E. 2d 625); *Moore* v. *Baldwin County*, 209 *Ga.* 541 (74 S. E. 2d 449); *Mayor &c. of Athens* v. *Wansley*, 210 *Ga.* 174 (78 S. E. 2d 478). While the act authorizes the board to reorganize to the "best interest of the pupils" and "welfare of the schools," it does not repeal or attempt to repeal by implication the restriction to centrally locate any consolidated schools, as found in Code (Ann.) § 32-915. Neither of these statutes conflicts with the other and they are not in irreconcilable conflict. Hence, as stated above, the third, fourth, fifth, and ninth ground of demurrer are without merit.

The sixth and seventh ground of demurrer raise the question of delegation of legislative power contrary to the mandate of the Constitution, art. 3, sec. 1, par. 1 (Code, Ann., § 2-1301). Of course such power can not be delegated except in cases where definite courses are indicated, and the decisions in *Richter* v. *Chatham County*, 146 *Ga.* 218 (91 S. E. 35), *Mayor &c. of Union Point* v. *Jones*, 88 *Ga. App.* 848 (78 S. E. 2d 348), and *Bentley* v. *State Board of Medical Examiners*, 152 *Ga.* 836 (111 S. E. 379), are inapplicable. There is no delegation of legislative power, but merely administrative powers are involved in reorganizing the schools of a county, and this is and has been a function of the county boards of education. These attacks upon the act are wholly without merit.

The eighth ground of attack is lack of uniformity. We are quite familiar with the constitutional requirement of uniformity of laws. Code (Ann.) § 2-401; *Lorentz* v. *Alexander*, 87 *Ga.* 444 (13 S. E. 632); *Sasser* v. *Martin*, 101 *Ga.* 447 (29 S. E. 278); *Southern Ry. Co.* v. *Harrison*, 172 *Ga.* 465 (157 S. E. 462). But there is no lack of uniformity where, as in this act, it applies to every board of education throughout the State in precisely the same way. Where could there be more complete uniformity? This ground is utterly without merit.

None of the grounds of the demurrers having merit, the court did not err in overruling the same.

■ The amendment allowed November 4, 1955, alleges that the proposed "new" school was not of the class provided for in Code § 32-933, which provides for establishment of high schools by local taxation, since it is to be erected by State funds furnished by the State School Building Authority and operated by other State funds, therefore a separate and independent school from other schools of the county, and not a result of reorganization of existing schools, and that therefore it is not embraced in Code § 32-933, and the defendants have no right to establish and maintain it. The exception to the judgment sustaining the demurrers to this amendment is without merit. Code § 32-933 is not the only method provided by law for establishing and maintaining high schools, but is in addition to the authority to establish and maintain county public schools, which includes high schools. See Code (Ann.) §§ 32-408, 32-409, 32-411.1.

■ There runs through the decisions the statement frequently made that courts will not interfere with county boards of education in school matters except when they are violating the law or grossly abusing their discretion. *Keever v. Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d 886) ; *Pass v. Pickens,* 204 *Ga.* 629 (51 S. E. 2d 405). And it has been held that a gross abuse of discretion which will authorize resort to the courts must be such as of itself amounts to a violation of the law. *Mc-Kenzie v. Walker,* 210 *Ga.* 189 (2) (78 S. E. 2d 486). We wish to put at rest any erroneous thought that this court has ever held that, in the absence of a showing of the inadequacy of the remedy of appeal to the State Board of Education under Code (Ann.) § 32-414 (Ga. L. 1937, pp. 864, 867), equity would take jurisdiction and grant relief in a school matter contrary to Code § 37-120. In many decisions will be found the statement that decisions of the boards of education will not be interfered with by courts of equity unless they amount to a violation of law or are a gross abuse of discretion. *Keever v. Board of Education of Gwinnett County,* supra; *Boney v. County Bd. of Ed. of Telfair County,* 203 *Ga.* 152, 155 (45 S. E. 2d 442) ; *Pass v. Pickens,* supra; *Colston v. Hutchinson,* 208 *Ga.* 559, 560 (67 S. E. 2d 763) ; *McKenzie v. Walker,* supra; and cases cited in those decisions. Such statements and rulings must be read and considered along with the rule of law then and now existing, that remedies at law, if

adequate, must be exhausted before resort to equity will be allowed. *Burress* v. *Montgomery,* 148 *Ga.* 548 (2) (97 S. E. 538). When thus construed they mean simply that, when the remedy by appeal has failed to eliminate the law violation or gross abuse of discretion which is its equivalent (*McKenzie* v. *Walker,* supra), equity will grant relief or, as is permissible in all cases to prevent irreparable injury, or where equity alone can grant adequate relief, exhaustion of the statutory remedy of appeal is not a prerequisite to relief in equity. Code §§ 37-102, 37-120.

Even though cases may be found where courts of equity assumed jurisdiction, where the question of legal remedy was not raised, and the court refused to interfere with the decision of the county board of education on the merits of the case without considering want of jurisdiction because the remedy by appeal had not been exhausted, such cases are mere physical precedents, but they are not binding precedents requiring later holdings by this court that the statutory remedy need not be exhausted before relief in equity will be granted. *Albany Federal Sav. &c. Assn.* v. *Henderson,* 198 *Ga.* 116, 134 (31 S. E. 2d 20).

This amendment is wholly silent as to why the petitioners failed to exhaust their statutory remedy of appeal to the State Board. It makes no attempt to show why the remedy at law would be inadequate. No reason is alleged to justify resort to equity rather than pursue the remedy provided by law; hence it does not allege a cause of action, and the court did not err in sustaining the demurrer thereto and dismissing the same.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*