21631.  WARREN et al. v. DAVIDSON, Chairman, et al.

ARGUED MAY 15, 1962—DECIDED MAY 21, 1962.

*Walter E. Baker, Jr.,* for plaintiffs in error.

*Murphy Candler, Jr., Eugene T. Branch, Jones, Bird & Howell,* contra.

CANDLER, Justice.  On February 7, 1962, Robert F. Warren and five others alleging themselves to be residents, citizens, taxpayers, voters, and patrons of the "Lithonia School District in DeKalb County, Georgia" brought a suit against five named persons in their respective official capacities as members of the DeKalb County Board of Education and also against the State School Building Authority, and prayed that they be enjoined from erecting a new elementary school building consisting of 17 classrooms in the Lithonia school area on a ten-acre tract, which the county's board of education had selected and purchased for its location.  So far as need be stated, the petition alleges: Lithonia is the center of population of that particular school area in DeKalb County and the site selected by the school board for a new elementary school building is approximately one-fourth of a mile southwest of the city's limits between Chupp Road and the Covington Highway and just west of Spring Street. "A group of citizens" filed objections to the proposed location of the building with the county's board of education, and a hearing was afforded them on June 6, 1961.  The board denied their request to locate the building at a different place, and on an appeal to the State Board of Education, the county board's action was sustained on September 13, 1961.  The proposed site has been conveyed to the State School Building Authority and a lease has been executed in which the authority is the lessor

and the DeKalb County Board of Education is the lessee. The State School Building Authority has approved all plans for the new building and will expend $393,121 for construction of it; that certificates have been validated and sold by the Authority for the purpose of financing its construction; and that sealed bids will be opened by the Authority on February 8, 1962, and a contract for its erection will be awarded by the Authority to the lowest bidder unless an injunction is granted. The petition also alleges that the board owns three other tracts of land within the city limits of Lithonia, which are more suitable locations for the proposed building than the one it has selected. The petition was not demurred to but a properly verified answer was filed by the defendant board of education, which positively denied that the site selected for the building is unreasonable, arbitrary, and impracticable action on the part of its members, as the petition alleges, and it also avers that the board, after a careful study, selected a site on which to locate the building as near the center of the school population of the Lithonia school area as possible; that the site so selected is the proper location for it, all factors being considered; and that the State School Building Authority has approved all plans for the school and will expend $430,680 for the construction of the building. After hearing the plaintiffs' evidence, which amounts to no more than the opinion of their witnesses that other locations in the school area would be preferable and more suitable locations for the school than the one selected by the board of education, the trial judge refused to grant a temporary injunction, and the plaintiffs excepted.

This court has repeatedly and uniformly held that, since control and management of a county's public schools, except independent school systems, is vested by law in its county board of education, courts of equity will not interfere with its control and management thereof, except where action taken by such board is contrary to law. For some of the many cases so holding, see *Boney v. County Bd. of Ed. of Telfair County,* 203 Ga. 152 (45 SE2d 442); *Pass v. Pickens,* 204 Ga. 629 (51 SE2d 405); *Colston v. Hutchinson,* 208 Ga. 559 (67 SE2d 763); *McKenzie v. Walker,* 210 Ga. 189 (78 SE2d 486); *Boatright v.*

*Yates,* 211 Ga. 125 (84 SE2d 195); *Patterson v. Boyd,* 211 Ga. 679 (87 SE2d 861); and *Bedingfield v. Parkerson,* 212 Ga. 654 (94 SE2d 714). Neither the petition nor the evidence in this case shows any sufficient reason why a court of equity should interfere with the action of DeKalb County's board of education in selecting a site for this particular school building; in fact, the petition affirmatively shows that this identical school controversy has, after hearings, been adjudicated adversely to the contentions which the petitioners here make, by school tribunals created by law and vested with legal authority to hear and finally determine such school controversies. See *Code Ann.* §§ 32-910, 32-414. In these circumstances, and since it does not appear from the record in the case at bar that the board of education has violated any law in the selection of a site for this particular school building, it necessarily follows that the trial judge did not abuse his discretion in refusing to grant a temporary injunction.

*Judgment affirmed. All the Justices concur.*