### 23078.   CARROLL v. ROBSON.

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965.

*N. T. Anderson,* for plaintiff in error.

*James O. Goggins,* contra.

ALMAND, Justice. The sole question for review is whether or not the court erred in overruling the renewed demurrers to an equitable petition.

The petition of J. L. Robson in substance alleged: that on May 18, 1961, the defendant conveyed by warranty deed a certain described tract of land to the plaintiff; that on the same day the plaintiff executed a security deed to the defendant conveying this same property as security for an indebtedness of $5,000, payable in monthly installments of $40 each, the final installment being due in October, 1971; that plaintiff paid all monthly notes through January, 1964; that payments for February and March 1964 were refused and in April 1964, the defendant informed the plaintiff she would not accept any more payments; that while the plaintiff was in a hospital in Augusta the defendant foreclosed the deed to secure the debt and is now seeking to dispossess him in proceedings in the Civil Court of Fulton County.

There were no allegations in the petition of an offer to pay to the defendant or to pay into court any of the monthly notes falling due subsequent to March 1964, and up to the filing of this action, July 31, 1964.

The prayers were (a) to enjoin the dispossessory proceedings and (b) to cancel the sale under the foreclosure of the security deed.

The court sustained the defendant's general demurrer but allowed plaintiff 15 days in which to amend his petition. The plaintiff, within the time allowed, tendered an amendment. The defendant renewed her demurrers to the original petition and to the amended petition. The renewed general demurrers were overruled. Error is assigned on this order.

The original petition did not contain any allegations that the offer to pay the monthly notes was a continuing offer or a present offer to pay or to deposit the money in court. Under the unan-

imous ruling in *Renfroe v. Butts,* 192 Ga. 720 (3) (16 SE2d 551) that "It is not a sufficient ground to enjoin a sale of property under a power contained in a security deed that some years before the date of the intended sale the grantor tendered to the grantee the full amount of the indebtedness, and that the grantee refused to accept the money so tendered, there being no averment that the tender was a continuing one, and no present offer to pay or to deposit the money in court," the court properly sustained the general demurrer. The amendment did not cure this deficiency nor make any material change in, or addition to, the facts alleged in the original petition. The first ruling became the law of the case, and the amendment not curing the factual deficiencies of the original petition, it was error to overrule the general demurrer to the amended petition. *Lederle v. City of Atlanta,* 164 Ga. 440 (138 SE 910); *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32).

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*