23467. VEAL v. HOSPITAL AUTHORITY OF
PUTNAM COUNTY et al.

PER CURIAM. D. D. Veal brought a suit in Putnam Superior Court praying injunction against the Hospital Authority of Putnam County and the members of the Board of Commis-

sioners of Roads and Revenues of Putnam County. The suit against the Hospital Authority was based solely upon that body's alleged abuse of discretion in selecting a hospital site for the construction of a hospital to be built under its authority. In this connection, among the numerous allegations of the petition the following pertinent ones are set out.

The Hospital Authority appointed a committee to investigate possible sites and to report on four sites. The committee filed a written report on three sites, recommending what is known as the "Thompson site," the selected site of which the plaintiff complains. The plaintiff, as a member of the Authority, made a written motion that an option be obtained on the "Thompson site"; that engineers or architects make a perimeter survey of the site, including easements and engineering for construction of utilities; that the Mayor & Council of the City of Eatonton be requested to consult city engineers to determine what assistance the city might be called on to furnish; that final approval of the hospital site be postponed until complete engineering reports could be obtained on the proposed site and at least two other sites; that the State Department of Health be requested to furnish the Authority with a report on the feasibility and relative desirability of the three sites studied; that the sites be advertised in the local paper so that the public might have an opportunity to express its approval or disapproval. The Authority rejected the motion and refused to consider or investigate any other possible site, or to postpone action until engineering advice and assistance could be obtained to guide in selecting a suitable site. The plaintiff renewed his written motion and circulated a plat of the "Raines tract" for consideration, but the Authority refused to consider the "Raines tract," which members of the site selection committee stated they did not know about, and persisted in adopting and approving the "Thompson site" for the location of the hospital. The Authority refused to obtain from an architectural firm, with whom they had contracted, any advice, engineering, cost estimate, feasibility or other assistance, and the proposed site had never been approved by such firm. The Hospital Authority acted under the domination of the chairman of the board of commissioners, who caused the board to nominate his brother and another to the Authority, and they and another member of the Authority persuaded and induced the Authority to se-

lect the "Thompson site," by representing the site would save the Authority at least $25,000 and by suppressing the plaintiff's demand for study of other sites and by suppressing and concealing from the public the proposed plan to build a hospital on the "Thompson site." The effect of such persuasion and inducement was successful, although the selection of the site will not save the Authority or the public $25,000 or any other sum. The defendants are acting arbitrarily in defiance of all reason, justice and standards of public interest, in defiance of public convenience and welfare, and without regard to the needless expense and cost in public funds in the premises. They abused their discretion in selecting the site proposed for the new hospital and failed to use any reason or discretion whatsoever in making their decision and they will continue to abuse their discretion and fail to use any discretion in further grading and site preparation and in the construction of a hospital, unless enjoined.

The plaintiff further alleged: "on information and belief, and believes that the purpose of those herein listed as dominating and influencing the site selection decision herein described was to promote a hospital and its related developments and improvements as near their homes and properties as possible . . . , that the actions and decisions herein described were unwarranted, unjustified and wholly without any basis of discretion, reason or justice."

The trial judge sustained the defendants' oral motion to dismiss the petition. *Held:*

In *City of Atlanta v. Stein,* 111 Ga. 789, 793 (36 SE 932), this court quoted from Avery v. Job, 25 Ore. 512, as follows: "Although the purchase or erection of certain public improvements may have been by the municipal charter confided to the judgment and discretion of the city council, yet equity will, at the suit of taxpayers, restrain the council from proceeding in the matter when it is not exercising its discretion but is arbitrarily wasting the public funds, since such conduct is a gross and manifest abuse of power amounting to a legal fraud on the taxpayers." See *Wells v. Mayor &c. of Atlanta,* 43 Ga. 67. The allegations above set out in the recital of facts, if proved, are sufficient to show gross and manifest abuse of power on the part of the Hospital Authority. Thus, the trial judge erred in dismissing the petition.

*Judgment reversed. All the Justices concur, except Almand, Mobley and Quillian, JJ., who dissent.*

SUBMITTED MAY 9, 1966—DECIDED JUNE 23, 1966.

D. D. Veal, *pro se.*

*Whitman & Whitman, R. C. Whitman, Jr.,* for appellees.

QUILLIAN, Justice, dissenting. I respectfully bow to the majority opinion of this court, but do not agree with it. In the majority opinion the petition is very broadly construed. According to my interpretation, its averments are given a more limited meaning. I construe the petition as follows and upon that construction reach the conclusion stated in this dissent. The petition simply alleged there were other sites that for various reasons would, as the plaintiff contended, be more desirable for the location of the hospital. The petition did suggest, rather by innuendo than by direct allegation, that some of the members of the Authority could have been influenced to choose the site for the hospital because of proximity to their property and the property of relatives. The petition also contained an averment that unless the City of Eatonton voted bonds for the purpose at an election to be held in the then near future the city could not furnish water for the hospital and that, because the location selected for the hospital was a mile from the city limits, the city could not furnish as adequate fire and police protection as if the hospital was built within the city limits. There was no allegation that the water bonds would not be voted as planned or that the buildings would not be of such construction as not to need more fire protection than they would have, when completed. The petition also failed to show the costs of any site proposed by the plaintiff though the petition shows he suggested and insisted upon several being considered.

The petition undertook to show cause for injunction against the county commissioners because according to its allegations the defendant commissioners had been grading the premises selected by the Hospital Authority, in preparation for the location of the hospital there, for several months with the county's heavy equipment and at public expense, and had kept no account of the costs. The petition did not disclose how far the grading

had progressed or any reason why it should not be completed, except by way of conclusion that the funds spent for that purpose were being wasted.

Obviously under the authority conferred upon the Hospital Authority of Putnam County under Art. VII, Sec. VI, Par. I of the State Constitution (*Code Ann.* § 2-5901 (c)) and Ga. L. 1964, pp. 499, 601; Ga. L. 1964,. Ex. Sess., p. 15 (*Code Ann.* § 88-1805), that body was vested with authority to choose the site for the erection of the hospital. Its authority, unless so grossly abused as to constitute a violation of law, could not be interfered with by a court of equity. The county commissioners were likewise vested with authority to exercise their discretion in grading the hospital site to be used for county purposes, and in the absence of a similar showing as to gross abuse of discretion on their part the courts had no authority to interfere. No gross abuse of discretion upon the part of the Hospital Authority or the county commissioners was shown by the allegations of the petition. This case is controlled in principle by the pronouncement of *Warren v. Davidson*, 218 Ga. 25, 26 (126 SE2d 221): "Since control and management of a county's public schools, except independent school systems, is vested by law in its county board of education, courts of equity will not interfere with its control and management thereof, except where action taken by such board is contrary to law."

I am authorized to state that Justices Almand and Mobley concur in this dissent.