23731. MALLARD et al. v. WARREN, Member of Wayne County Board of Education, et al.

Argued October 11, 1966—Decided November 15, 1966—
Rehearing denied November 23, 1966.

*Albert E. Butler,* for appellants.

*Nightingale, Lyle & Dennard, B. N. Nightingale, Gibbs & Leaphart, Alvin Leaphart,* for appellees.

Grice, Justice. A petition involving a controversy over school consolidation brought about this appeal. Suit was filed in the Superior Court of Wayne County by W. L. Mallard and others, as citizens, taxpayers and property owners of that county, most of whom are patrons of schools of the Odum Educational District, against Jerry Warren and others, individually and as members of the Wayne County Board of Education, and James Bacon, individually and as superintendent of schools of that county.

The basis of their complaint was the reassignment of children from grades 10 through 12 of the Odum High School to two schools located in the more distant City of Jesup in that county. They allege that this action was in compliance with the board's agreement with the United States Department of Health, Education and Welfare for the purpose of achieving racial balance in the Jesup schools, but that it was in violation of a prior resolution of the board prohibiting the transporting of children out of their attendance area by county owned school buses, was contrary to the best interests of the children in that they were forced to travel by bus a long distance on a heavily congested highway, and was also contrary to certain state and federal constitutional and statutory provisions. Their prayers sought, among other relief, mandamus to require a hearing on and decision in this controversy and to compel compliance with such prior board resolution, and injunction to prevent compliance with

rules and regulations requiring assignment and transportation of pupils to the Jesup schools.

The trial court sustained all of the renewed general demurrers of the defendants to the petition as amended. Those demurrers were on the following grounds: (1) the petition fails to allege a cause of action; (2) it fails to allege a cause of action in law or in equity; (3) it fails to show that petitioners have exhausted their administrative remedies, and hence equity will not intervene; and (4) it fails to allege a cause of action for mandamus.

As we view the petition, it sets forth a cause of action for some of the relief sought.

1. There is alleged a cause of action for mandamus to require the county board to provide a hearing and decision on the matters in controversy.

*Code Ann.* § 32-910 provides: "The county, city or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary, and when such board has made a decision it shall be binding on the parties; Provided however, either party shall have the right to appeal to the State Board of Education. . ."

Here, it is alleged that a controversy exists over certain action of the county board and that such board, though requested on three named dates, refuses to hold a hearing and render an appealable decision upon such controversy.

This court has held that the tribunal provided by *Code Ann.* § 32-910, supra, ". . . is a court of limited jurisdiction . . . the complaining parties are afforded *a right to be heard before the board sitting as a court.* . ." (emphasis supplied.) *Meadows v. Board of Education of Paulding County,* 136 Ga. 153 (71 SE 146). See also, *Patterson v. Boyd,* 211 Ga. 679 (2) (87 SE2d 861). Thus, petitioners have a legal right to a hearing and decision on the matters in controversy by the county board sitting as a court.

Furthermore, without such a decision from the county board, petitioners cannot appeal to the State Board of Education. Under the ruling in *Boney v. County Board of Education of Telfair County,* 203 Ga. 152 (45 SE2d 442) (one Justice not partici-

pating), in order to give the State Board of Education jurisdiction of an appeal, it must be from a decision of the county board sitting as a court, not from mere action of the board. Therefore, petitioners have no remedy without a hearing and decision by the county board.

The petitioners have met the requisites for mandamus requiring the county board to provide a hearing and decision as to the matters in controversy. "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy." *State Highway Department v. Reed*, 211 Ga. 197 (3) (84 SE2d 561).

Since the petition alleged a cause of action for at least some of the relief sought, it was error to sustain the general demurrers directed to it.

*Judgment reversed. All the Justices concur.*