23927. BOOTH et al. v. WARE COUNTY BOARD OF EDUCATION et al.

ARGUED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967—REHEARING DENIED MARCH 14, 1967.

*Albert E. Butler,* for appellants.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* for appellees.

NICHOLS, Justice. 1. Where a petition seeks to enjoin a county school board from taking some action, not itself a violation of law or such a gross abuse of discretion as to be its equivalent, equity will not interfere where the petitioners have not exhausted their statutory remedies or show that such legal remedies are insufficient to grant adequate relief. See *Bedingfield v. Parkerson,* 212 Ga. 654, 660 (94 SE2d 714), and citations. Thus, where, as in the present case, the petition fails to show that any relief was sought by a requested hearing before the board or otherwise, unless the petition shows that the action sought to be enjoined be a violation of law or a gross abuse of discretion, the judgment of the trial court sustaining the defendants' general demurrer must be affirmed.

2. After the usual prayers for process and service the first prayers seek to enjoin the defendants from passing or adopting any order in any form or manner the effect of which would be to transfer or assign the pupils at three named schools or qualified to attend said schools to any school other than the one they were attending on the date the petition was filed, from transferring certain grades of named schools to any other school or from doing any act cutting off the operation and maintenance of the named schools.

Under the provisions of the Constitution of 1945 (*Code Ann.* § 2-6801), *Code Ann.* § 32-933 and the Act of 1953 (Ga. L. 1953,

Nov. Sess., p. 282; *Code Ann.* § 32-954), the actions here sought to be enjoined are discretionary with the county school board. See *Crawford v. Irwin,* 211 Ga. 241 (85 SE2d 8); *Patterson v. Boyd,* 211 Ga. 679 (87 SE2d 861); *Bedingfield v. Parkerson,* 212 Ga. 654, 660, supra. If objections were made, a hearing on such issue could be had before the board and if a hearing was refused mandamus would lie. See *Mallard v. Warren,* 222 Ga. 731 (152 SE2d 380).

3. The next prayers of the plaintiffs' petition seek to enjoin the defendants from purchasing land, constructing thereon a junior high school and from obtaining from the State School Building Authority funds for such purpose. This prayer is based on allegations that under *Code Ann.* § 32-933 junior high schools may only be established with local funds and the defendants are threatening to establish a junior high school with funds furnished by the State School Building Authority. Again the decision of this court in *Bedingfield v. Parkerson,* 212 Ga. 654, supra, stands in the way of the plaintiffs obtaining the relief sought. As was there held *Code Ann.* § 32-933 does not prohibit the county board of education from establishing a new school with funds from or furnished by the State School Building Authority.

4. The remaining prayer of the plaintiffs' petition seeks to have an agreement between the defendants and the U. S. Department of Health, Education and Welfare vacated and the defendants enjoined from complying with any regulation of such department where the administration in control of the Ware County schools is concerned.

The agreement referred to, a copy of which is attached as an exhibit to the petition, properly construed is merely an assurance of the school board that it will comply with a named federal law and regulations issued pursuant thereto. Such document does not purport to divest the school board of its functions and does not have the effect of an agreement to comply with any regulation of the federal agency contrary to such law. It is presumed that all public officers will do their duty, and where, as in the present case, the agreement sought to be voided merely showed that the school board agreed to comply with the law and

valid regulations issued pursuant thereto, the petition fails to disclose a violation of law or gross abuse of discretion so as to authorize equitable relief when the plaintiffs' statutory remedies have not been exhausted and no showing is made that such remedies are insufficient to afford the plaintiffs adequate relief. Accordingly, the trial court did not err in sustaining the defendants' general demurrer and dismissing the plaintiffs' petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Mobley, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. By our Constitution (*Code Ann.* § 2-6801; Const. of 1945) and the state laws regarding local boards of education adopted pursuant thereto (see *Code Ch.* 32-9, as amended; and particularly *Code Ann.* § 32-915; Ga. L. 1946, pp. 206, 207; *Code Ann.* § 32-933; Ga. L. 1963, pp. 617, 618; and *Code Ann.* § 32-954; Ga. L. 1953, Nov. Sess., pp. 282, 283, among others), a duty is imposed upon the school boards to exercise their discretion and judgment in the operation of the schools. This power is surrendered by that portion of the agreement by this local board executed with the federal department, wherein they obligated themselves to conform with unknown future guidelines or regulations issued or to be issued by the federal department of education pursuant to the federal statute. There could be a price—in the form of future requirements by federal officials—too high to pay for the money they offer. School officials should remain free to exercise their judgment as to whether they will approve something that does not now exist.

I cannot therefore concur in Division 4 of the majority opinion, and since, in my judgment, the petition does allege a cause of action for some of the relief sought, it is not subject to the general demurrer. Accordingly, I must dissent from the majority opinion and judgment of affirmance.

I am authorized to state that Justice Mobley concurs in this dissent.