24303. DAVIS et al. v. JARRIEL, Member of Tattnall County Board of Education, et al.

SUBMITTED SEPTEMBER 13, 1967—DECIDED SEPTEMBER 21, 1967.

*Jones & Kemp, Charles M. Jones,* for appellants.
*John P. Rabun, Bruce D. Dubberly, Sr.,* for appellees.

ALMAND, Presiding Justice. This appeal is from an order

sustaining a general demurrer to the petition of citizens and taxpayers of Tattnall County seeking to enjoin the Tattnall County Board of Education and the County School Superintendent from putting into effect a resolution and plan of the board to consolidate specified grades of one high school with another high school within the county. The sole allegation as to why an injunction should issue is that the action of the defendants "is without their respective jurisdiction in said capacities, and is illegal and contrary to law."

Under the 1945 Constitution the county board of education has complete control and management of the county schools. *Code Ann.* § 2-6801.

The Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 282, 283; *Code Ann.* § 32-954) provides: "The board of education of any county or independent school system is hereby authorized and empowered, if, in their opinion, the welfare of the schools of the county or independent system and the best interests of the pupils require, to reorganize the schools within their jurisdiction and to determine and fix the number of grades to be taught at each school in their respective systems." This court in *Crawford v. Irwin,* 211 Ga. 241 (3) (85 SE2d 8) held: "Since the rendition of the decision by this court in the former appearance of this case (*Irwin v. Crawford,* 210 Ga. 222 (78 SE2d 609)), the General Assembly has given county boards of education the authority to reorganize schools which this court declared was lacking under the former laws, and the petitioners now have no right to enjoin the Wheeler County Board of Education from exercising its discretion as to the reorganization of the schools in its jurisdiction." See also *Bedingfield v. Parkerson,* 212 Ga. 654 (94 SE2d 714). Accordingly, the proposed action of the defendant board of education is authorized by the Act of 1953 and is within its jurisdiction.

The Act of 1961 (Ga. L. 1961, p. 39; *Code Ann.* § 32-910) provides that a county board of education "shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law. . . Provided however, either party shall have the right to appeal to the State Board of Education." This

court has held many times that this provision for a hearing and appeal provides an adequate remedy for an aggrieved party, and equity will not interfere with the action of the board of education of a county unless it appears that the board has acted without legal authority. *Burton v. Kearse,* 204 Ga. 765 (51 SE2d 796) and cases cited therein.

The proposed action of the defendants in consolidating the several grades of one county school with another county school was not illegal or contrary to law, but was authorized by the. Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 282, 283; *Code Ann.* § 32-954).

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*