26123. WATKINS et al. v. JACKSON et al.

ARGUED OCTOBER 14, 1970—DECIDED JANUARY 21, 1971.

*Heard & Leverett, E. Freeman Leverett,* for appellants.

*D. Field Yow, J. Roy McCracken,* for appellees.

ALMAND, Chief Justice. Dillard Watkins and others filed their complaint in Columbia Superior Court against the members of the Columbia County Board of Education, the Board of Commissioners of Roads and Revenues of Columbia County, Georgia, the Tax Commissioner of Columbia County, the Sheriff of the County, and the State Revenue Commissioner.

Plaintiffs' fundamental complaint is directed against the raising of the school tax millage rate from 9 mills in 1968-69, to 17 mills in 1969-70.

In their prayers, they asked that the defendants be enjoined from enforcing tax claims and executions against them with respect to the 8 mill increase. Plaintiffs appeal from the denial of these prayers by the lower court, and from a judgment in favor of the defendants.

■ Appellants contend that the action of the county school board in raising the millage recommendation from 9 mills in 1968-69 to 17 mills in 1969-70 constituted such an abuse of discretion as to warrant judicial intervention.

In order to reverse here, this court would have to overturn not only the exercise of discretion by the county school board, but also the judgment of the court below that the discretionary act complained of was, in fact, justified.

We are of the opinion that the facts support the actions of the county board and the lower court.

The law is clear that county school boards are vested with a broad discretion in the management of county school affairs. In 78 CJS 846, 849, § 99, we find the following statement: "[county

boards of education] are vested with a broad discretion, with the exercise of which the courts will not ordinarily interfere except in the case of clear, gross or palpable abuse of discretion, clear violation of law, fraud, bad faith, or the transcending of the board's legal authority. Such a board must not act arbitrarily or unreasonably, and an exercise of honest judgment, although erroneous, is not an abuse of such discretion, and is not subject to review."

This principle finds broad support in the decisions of this court. See, e.g., *Keever v. Board of Education of Gwinnett County,* 188 Ga. 299 (3 SE2d 886); *Patterson v. Boyd,* 211 Ga. 679 (87 SE2d 861); *Warren v. Davidson,* 218 Ga. 25 (126 SE2d 221).

It is not necessary, in our judgment, to fully set out the facts here in order to indicate that the action of the county board was a legitimate exercise of discretion.

It should first be kept in mind that the appellants are contesting only that portion of the 1969-70 millage recommendation which exceeded the recommendation for the year immediately preceding.

Of crucial importance to this issue are PL 874 funds. These funds are made available, by the federal government, to federally impacted areas. The record discloses that the board's primary reason for raising the levy was uncertainty concerning the availability of these funds for the year in question.

The appellants' brief discloses that the net value realized from the increase in the millage rate was $284,908.61.

The record discloses that the board has actually received some $264,731 under PL 874, and may receive more. The record clearly shows that the increase in the millage recommendation yielded an amount approximately equivalent to the money ordinarily expected from the PL 874 funds.

Thus, it seems to us, that the crux of the question lies in determining whether the board's determination that the availability of the PL 874 funds for the year in question was doubtful and uncertain, constituted a "gross or palpable abuse of discretion."

The record, in our opinion, clearly supports the board's determination. Without unduly lengthening this opinion, we will quote from a letter, contained in the record, from the Honorable U. S. Senator Richard B. Russell, to one of the defendants, concerning

the availability of these funds: "I cannot give any guarantee that this appropriation bill will be approved. . . As you know, the administration did not recommend the appropriation of funds for Section 3B Children under Public Law 874 and I do not know how much support can be expected from the administration."

The record amply supports the determination of the lower court that the board acted within its discretion in recommending the increased millage rate.

■ The second complaint deals with the procedures which were followed by the board and the county commissioners in the implementation of the levy. There are Code sections which deal with procedural requirements in cases of this sort, and the appellee does not dispute the fact that these requirements were not strictly adhered to.

The first determination to be made is whether these statutes are mandatory requiring strict compliance, or directory, requiring only substantial compliance. We adopt the latter view.

"Ordinarily a substantial compliance with the statute in levying school taxes is sufficient, . . . and mere irregularities or informalities in making a levy will be overlooked." 79 CJS 182, 184, § 383. See also *Beckham v. Gallemore,* 147 Ga. 323 (93 SE 884); *McGregor v. Hogan,* 153 Ga. 473 (112 SE 471); *McMillan v. Tucker,* 154 Ga. 154 (113 SE 391) and *McWhorter v. Chattooga County,* 154 Ga. 289 (114 SE 203).

Now, we turn to the question of whether or not the statutes were substantially complied with.

The appellants first object because the millage recommendation was made at a special called meeting rather than a regular meeting. They contend that though the final budget was subsequently approved at a regular meeting, the millage recommendation was never re-approved.

The appellants urge that these laws must be strictly followed in order to afford the public an opportunity to be heard. But such opportunity for a hearing was clearly afforded in the present case at the regularly scheduled meeting where the final budget was adopted. The millage rate was announced to the public 5 days before the meeting in which the budget was finally adopted. We believe that this afforded anyone objecting to the levy an opportu-

nity to be heard.

The appellants also urge that since the levy was set before the final adoption of the budget, it was illegal. *Code Ann.* § 32-642 (Ga. L. 1964, pp. 3, 36) says that the millage rate shall be set at the same regular meeting where the final budget is adopted. Art. VIII, Sec. XII, Par. I of the Constitution of Georgia says that it is the duty of the county fiscal authority to base their levy on the school board recommendation. But there is no argument that the budget, as finally adopted, did not require the 8 mill levy to support it. The clear intent of the statute is that the levy not exceed the needs of the school as determined by the board. We do not agree with the appellants that time is of the essence.

The board's action was not subject to any of the procedural attacks urged against it.

*Judgment affirmed. All the Justices concur, except Hawes, J., disqualified.*