BRAMLETT, trustee, *et al.* v. CALLAWAY *et al.*

No. 13620. April 15, 1941.

*W. A. Slaton,* for plaintiffs.   *Clement E. Sutton,* for defendants.

DUCKWORTH, Justice.   All references to the consolidation of school districts pursuant to the Code, § 32-917, are at the outset put aside as having no relevancy whatever to the issues in the present case.   The word "schools" as used in that section must be construed to mean "school districts," since it provides for consolidation of districts, and not of schools.   The present case involves the right of the county board of education to unite two or more schools in the same or different districts.   This authority is conferred upon the board by the Code, § 32-915, which in part declares:   "The board of education of any county shall have the right if, in their opinion, the welfare of the schools of the county and the best interests of the pupils require, to consolidate two or more schools located in the same or different districts into one school, to be located by said board at a place convenient to the pupils attending the same, the schoolhouse to be located as near the center of the district or districts as practicable."   The remainder of the section provides that when such consolidation has been made, an election of trustees for the consolidated school from the district or districts concerned shall be called by the superintendent of schools.   If the language of the statute conferring the power to consolidate was ambiguous as to whether it related to schools or school districts, this latter provision for election of trustees would require a construction that it referred to schools, and not to school districts.   Obviously if the districts are consolidated

they become one, and the election of trustees therein would be from the district. Hence the provision that such trustees shall be elected from the "district or districts" shows that such consolidated school might embrace more than one district. The only limitation placed upon the authority of the board to consolidate schools is that the board must be of the opinion that such consolidation will promote the welfare of the schools of the county and the best interests of the pupils, and that the school be located convenient to the pupils and as near to the center of the district or districts as practicable. There is abundant evidence in the present case to authorize the county board to entertain such opinion, and that the school is convenient to the pupils and centrally located.

This case demonstrates the legislative wisdom in conferring discretionary power upon the county board of education to consolidate schools. The record of the complaining schools shows that to continue their operation, requiring the services of one teacher each for an average attendance of 8.58 and 13.91, would constitute a waste of school funds available for the operation of the schools of Wilkes County; and not only would the pupils of these schools suffer because of lack of adequate facilities and poor housing, but to the extent that other schools of the county are deprived of funds wasted in the operation of these schools the pupils in those schools would likewise suffer injury. As pointed out in *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d, 886), the management of county schools is largely intrusted to the county board of education, and the legislature has wisely invested them with wide discretion. Under the circumstances in the present case the county board acted within its powers in making the consolidation complained of, and it was not error to deny the prayer for mandamus absolute. *Judgment affirmed. All the Justices concur.*