**ZAYRE OF GEORGIA, INC., a corporation, and A & M Servicing Corporation of Fort Worth, a corporation**

v.

**The CITY OF ATLANTA, a municipal corporation of the State of Georgia, H. T. Jenkins, Chief of Police of the City of Atlanta, Georgia, and William E. Spence, Solicitor of the Criminal Court of Fulton County.**

**Civ. A. No. 10106.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 22, 1967.

Judgment March 1, 1967.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for plaintiff.

William E. Spence, Solicitor of the Criminal Court of Fulton County, Atlanta, Ga., pro se.

Henry L. Bowden, Atlanta, Ga., for City of Atlanta and H. T. Jenkins.

**LEWIS R. MORGAN, Chief Judge.**

The instant action was brought to seek an injunction requiring the City of Atlanta and its officials to apply Georgia Code Section 26–6905 in a non-discriminatory manner, or in the alternative to strike down such statute as unconstitutional.

The statute in question provides: "Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Various activities have been exempted from the above statute by legislation. Such exempted activities include the operation of dance halls and movie theatres and the promotion of athletic events such as baseball, football, and automobile racing.

Numerous other activities have been exempted by judicial decision. These activities include the sale of gasoline, drugs, and food for consumption.

The petitioners launched a two-pronged attack, alleging first that the statute itself is unconstitutional, and second that if the statute is constitutional, it is being applied and enforced in a discriminatory manner.

With regard to the first allegation, the petitioners contend that the exemptions are arbitrary and capricious and bear no relation to a reasonable exercise of the state's police power. In a previous order, the Court ruled, although with a certain degree of reservation, that this contention was controlled by the Supreme Court's decisions in McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) and Two Guys from Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961). The reservation noted above stems from the opinion that exemptions which allow the operation of dance halls and race tracks on Sunday, yet leave a carpenter open to prosecution if he repairs a church bench on the same day, Keck v. City of Gainesville, 98 Ga. 423, 25 S.E. 559 (1895), are somewhat incongruous if not arbitrary.

However, in McGowan, the Supreme Court stated "that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others," and this Court is of the opinion that the statute involved in the instant case does not create distinctions which could be deemed more arbitrary than those found in the statutes involved in the McGowan and Two Guys cases. Therefore, the Court held that Section 26–6905 with its array of exceptions was constitutional.

The remaining question, and that which is determinative of whether this Court shall issue a permanent injunction, is whether the defendants must enforce Section 26–6905 in a non-discriminatory manner, and whether in fact they have been doing so.

As noted previously, the Courts of Georgia have carved out numerous exceptions to 26–6905; the sale of gasoline and drugs are among these judicially-created exemptions. It is a matter of common knowledge that outlets for the above commodities do not restrict themselves to the sale of drugs or gasoline. In simple terms, many "drug stores" which operate 24 hours a day, 7 days a week, carry items ranging from televisions to power mowers and from lingerie to lawn furniture. (See stipulation of fact.) Not only is the sale of such article stipulated, it is agreed that such goods are sold in direct competition with the same merchandise carried by the petitioners. It is blatantly obvious that the merchandise carried for resale does not determine whether a business falls within the scope of 26–6905; the key appears to be whether the establishment calls itself a "drug" store or a "department" store. Such a distinction is tenuous at best.

The defendants have stipulated that drug stores carrying consumer goods from A to Z are allowed to stay open on Sundays and to sell all their wares, not just drugs; that drive-in groceries which carry almost every article of food which the consumer may have forgotten

to purchase during the other six days of the week remain open on Sunday; that the defendant operates recreational facilities which sell tennis and golf equipment; that the defendant licenses the operation of shops which sell lighters, clothes and other consumer durables in the defendant's municipal airport; and that television repairmen are left free to follow their ordinary course of business on Sunday.

 *McGowan* and *Two Guys* make it clear that a state can constitutionally effect and maintain Sunday closing laws. These cases also make it clear that the state can choose to create *reasonable* exceptions, either by legislation or judicial action; however, this Court is of the opinion that neither case stands for the proposition that municipalities may choose to carve out exceptions via selective enforcement of the state statute.

 Thus, the Court is of the opinion that, under the doctrine of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), and in view of the stipulated facts, it has no alternative but to issue an injunction ordering the defendants to enforce 26–6905 in a non-discriminatory manner. It must be noted that this injunction does not prohibit the enforcement of a criminal statute; but rather it orders that such enforcement be on a non-discriminatory basis. Also, the Court has no desire to interfere with the policy of the defendants regarding the enforcement of 26–6905; however, the Court must insist that enforcement policy of the defendants must be applied in a fair and non-discriminatory manner.

Thus, this Court hereby issues an injunction prohibiting the discriminatory enforcement of Section 26–6905 of the Georgia Code.

It is so ordered.

### JUDGMENT

The above stated case was brought to seek an injunction requiring the City of Atlanta and its officials to apply Georgia Code Section 26–6905 in a non-discriminatory manner, or in the alternative to strike down such statute as unconstitutional.

Counsel for the parties filed with this Court their Motions for Summary Judgment. Said Motions having been submitted to the Court for consideration and the Court after having considered the motions,

It is hereby ordered that plaintiffs' motion for summary judgment be and the same is hereby sustained and that defendants' motions for summary judgment be and the same is hereby overruled and denied.

It is further ordered that an injunction issue prohibiting the discriminatory enforcement of Section 26–6905 of the Georgia Code.

It is so ordered.