24201. BOOTH et al. v. WARE COUNTY
BOARD OF EDUCATION et al.

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 21, 1967.

*Albert E. Butler*, for appellants.

*Memory, Barnes & Memory, S. F. Memory, Jr.*, for appellees.

GRICE, Justice. This appeal is from the denial of an interlocutory injunction to prevent the appellees from taking certain action pending certiorari proceedings in the superior court. The injunction was sought by T. W. Booth and others in their suit filed in the Superior Court of Ware County against the Board of Education, its members, and the Superintendent of Schools of that county. Under our view of the appeal it is not necessary to recite the action sought to be prevented. For previous appearance in the same litigation, see *Booth v. Ware County Bd. of Educ.*, 223 Ga. 211 (154 SE2d 234).

The petition of appellants alleged, insofar as need for injunctive relief was concerned, as follows: that on May 20, 1967, the board held a hearing requested by appellants, and the evidence adduced was reported by the official court reporter; that on May 22, 1967, before a transcript of such evidence was completed, the board rendered its decision; and that unless the injunctive relief now sought is granted, pending appeal of the board's decision "on procurement of the transcript of the proceedings, which is necessary to the perfecting of an appeal by certiorari to this court [superior court], the defendants will proceed to implement the plans objected to . . . and the questions . . . will be moot. . ." Prayers included the continuance of injunctive relief until final determination by that court on certiorari. This verified amended petition, together with the sworn answer of the defendants, constituted the evidence on the hearing for injunction by the trial court on May 29, 1967.

Based upon such evidence, we cannot now hold that the trial judge erred in not granting the injunctive relief sought.

When such court hearing was held, on May 29, 1967, the appellants had not filed a petition seeking a writ of certiorari. The lack of a completed transcript of the evidence adduced at the board hearing was no reason for their not having applied for certiorari by that time. Such transcript is not required for a certiorari petition under *Code* § 19-203, although the appellant

may elect to incorporate it in the petition. That section provides that the writ shall require the tribunal or person whose judgment is complained of to "certify and send up all the proceedings in said cause. . ." Thus, appellants were not required to procure a transcript in order to file a petition for certiorari. Since no such petition had then been filed, the trial judge was without a showing of any need for injunction to preserve the status quo pending a certiorari proceeding, and for this reason properly denied the injunction.

*Judgment affirmed. All the Justices concur.*