43343.   DAVIS et al. v. WARE COUNTY BOARD OF EDUCATION et al.

Deen, Judge.  The subject matter of this litigation has had four previous appearances in the appellate court. In *Booth v. Ware County Bd. of Educ.*, 223 Ga. 211 (154 SE2d 234) it was held that the petition to enjoin the county school board from closing one school in Ware County, building a new senior high school, and redistricting pupils failed to show any gross abuse of discretion on the part of the county authorities; that *Code Ann.* § 32-933 did not prohibit the establishment of the new school with funds furnished by the State School Building Authority, and that the so-called "compliance agreement" with the U. S. Department of Health, Education and Welfare did not divest the county board of its authority. *Booth v. Ware County Bd. of Educ.*, 223 Ga. 583 (157 SE2d 469) denied an interlocutory injunction pending certiorari of the case presently before us. In *Peagler v. Ware County Bd. of Educ.*, 223 Ga. 734 (157 SE2d 744) it was held that the school building lease contract in question is valid. In *Peagler v. Thigpen*, 223 Ga. 723 (157 SE2d 750) on appeal from the denial of a writ of prohibition it was held that the pupil transfer and assignment plan proposed by the school board was authorized by *Code Ann.* § 32-954.  The only remaining question is whether the decision of the school board to construct a new school within a half mile of the population center of the county and redistribute the pupils in some of the other schools, closing one down, was an abuse of discretion. *Bramlett v. Callaway*, 192 Ga. 8 (14 SE2d 454). *Code Ann.* § 32-915 provides: "The board of education of any county shall have the right, if, in their opinion, the welfare of the schools of the

county and the best interest of the pupils require, to consolidate two or more schools into one school, to be located by said board at a place convenient to the pupils attending the same, the schoolhouse to be located as near the center of the district or districts as practicable." The relocation is based on a study and recommendation of independent qualified educators working in connection with the State Board of Education, which report indicates that only by having a single consolidated senior high school can maximum facilities be provided on a county-wide basis, and also that the Manor High School which is being closed can not meet minimum qualification for accreditation in the coming school year. Admittedly, as to a small number of pupils, the increased length of transportation will be a hardship, but this court cannot substitute its discretion for that of the school board, backed by the recommendations of experts, in determining what is the greatest good for the greatest number. There is no doubt but that as to pockets of land area with depleted populations a choice between inferior education and additional inconvenience of transportation must be made. The hearing before the board appears to have been full and fair, the evidence was in conflict as to which plan would best serve the welfare of the children involved, no error of law appears, and certiorari was properly denied by the Judge of the Superior Court of Ware County.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 9, 1968—DECIDED FEBRUARY 12, 1968—
REHEARING DENIED MARCH 13, 1968.

*Albert E. Butler*, for appellants.
*Memory, Barnes & Memory, S. F. Memory, Jr.*, for appellees.