43490.  PEAGLER v. STATE OF GEORGIA et al.

EBERHARDT, Judge.  Other litigation involving the subject matter here, or related issues, is reflected in *Booth v. Ware County Bd. of Educ.,* 223 Ga. 211 (154 SE2d 234) ; *Booth v. Ware County Bd. of Educ.,* 223 Ga. 583 (157 SE2d 469) ; *Peagler v. Ware County Bd. of Educ.,* 223 Ga. 734 (157 SE2d 744) ; *Peagler v. Thigpen,* 223 Ga. 723. (157 SE2d 750), and *Davis v. Ware County Bd. of Educ.,* 117 Ga. App. 388 (160 SE2d 674).  *Finis sit litium.*

1. The motion to dismiss the appeal on the grounds that "neither the enumeration of errors nor the enumeration supported by the brief sufficiently identifies the issues presented for determination," and "there is no succinct and accurate statement of such pleadings, facts, and issues made in the appeal with citations to such parts of the record by page number," as required by rules of the court is denied.  These are not grounds for dismissal of the appeal, but when found to exist afford a basis for affirmation of the judgment.  *Thomas v. Scott,* 221 Ga. 875 (1) (148 SE2d 300).

2. The only error enumerated is that "the trial court erred in ordering validation of the bonds on September 19, 1967."  In his brief intervenor asserts that the questions raised are (1) whether there was ample notice of the proceedings to meet legal requirements, and (2) whether the State, as petitioner in the proceeding, proved the material facts requisite to obtain a validation of the bonds.

(a) The legal sufficiency of the notice published in the official gazette of Fulton County, where the proceedings pended, was approved by the Supreme Court in *Steadham v. State of Ga.,* 224 Ga. 78 (159 SE2d 397).

(b) After Robert Peagler, as a taxpayer of Ware County where the proposed school is to be constructed for the county school board, filed his intervention the proceeding was regularly scheduled for hearing in Fulton Superior Court.  The petition

alleged full compliance with all provisions of law for the issuance of the bonds, particularizing. Verified answers of the Georgia Education Authority, the State Board of Education and the Ware County Board of Education (all having been made parties and all having been duly served) were introduced into evidence without objection. In these every material fact alleged in the petition was admitted and the defendants joined in the prayers for validation. Intervenor introduced no evidence other than his verified intervention. This constituted sufficient proof on which to base a judgment of validation. *Sheffield v. State School Building Authority*, 208 Ga. 575 (68 SE2d 590).

Judgment affirmed. *Felton, C. J., and Whitman, J., concur.*

ARGUED MARCH 4, 1968—DECIDED MAY 15, 1968—
REHEARING DENIED MAY 28, 1968.

*Albert E. Butler*, for appellant.

*Jones, Bird & Howell, Arthur Howell, Peyton S. Hawes, Jr., Richard A. Allison, Lewis R. Slaton, Solicitor General, Arthur K. Bolton, Attorney General, Alfred L. Evans, Assistant Attorney General, King & Spalding, Robert L. Steed, S. F. Memory, Jr.,* for appellees.