43999.   BERRIE et al. v. STATE OF GEORGIA et al.

ARGUED OCTOBER 8, 1968—DECIDED JANUARY 10, 1969—
REHEARING DENIED FEBRUARY 5, 1969—

*B. N. Nightingale, Nightingale, Liles & Dennard,* for appellants.

*John R. Laseter, Glenn Thomas, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellees.

150

QUILLIAN, Judge. We consider the enumerations in the order hereinbefore set out.

■ The school site as proposed by the board of education and set out in the referendum was to be located in the city of St. Marys which is in the southeastern corner of the county. The intervenors contend that the action of the board in locating the school at such site was arbitrary and in violation of the express provisions of *Code Ann.* § 32-915 which provides: "The board of education of any county shall have the right, if, in their opinion, the welfare of the schools of the county and the best interests of the pupils require, to consolidate two or more schools into one school, to be located by said board at a place convenient to the pupils attending the same, the schoolhouse to be located as near the center of the district or districts as practicable." The Supreme Court has held that, in exercising powers given by this Code section, a school board has wide discretion and latitude for acting in the best interest and welfare of school children. *Bramblett v. Callaway,* 192 Ga. 8 (14 SE2d 454). See *Keever v. Board of Educ. of Gwinnett County,* 188 Ga. 299 (3 SE2d 886). The courts will not interfere with county boards of education in school matters except when they are violating the law or grossly abusing their discretion. *Bedingfield v. Parkerson,* 212 Ga. 654, 660 (94 SE2d 714).

Since the site in question was chosen after several hearings by the board and was approved by the majority of the voters in the county and, in view of the wide discretion given the board in such matters, we cannot hold as a matter of law that their acts were illegal or an abuse of discretion. See *Davis v. Ware County Board of Educ.,* 117 Ga. App. 388 (160 SE2d 674).

■ The intervenors contend that the bond election as submitted to the voters combined in a single question to be voted upon several distinct and independent propositions which did not give the voters a separate vote on each proposition. We recognize the rule as succinctly stated in *Rea v. City of LaFayette,* 130 Ga. 771 (61 SE 707): "When several distinct and independent propositions for the issuing of bonds by a municipality are submitted to the qualified voters of a town or city, provision should be made in the submission for a separate vote

upon each. They cannot be lawfully combined and submitted to the voters as a single question." However, in the *Rea* case, supra, the resolution as proposed was whether the city would issue bonds for the purpose of establishing and maintaining a system of waterworks, a system of electric lights, and for the purpose of improving and extending the public schools of the city. This would clearly require the voters to pass upon several independent and unrelated propositions.

The instant case is controlled by the decision of *Miles v. State of Ga.*, 96 Ga. App. 610 (101 SE2d 173) where bonds were submitted "for the purpose of providing funds to build, construct and equip new educational facilities such as school buildings, libraries, auditoriums, cafeterias, gymnasiums, athletic fields and buildings, and structures useful in connection therewith, adding to, improving and equipping existing properties and facilities of the Bacon County School System and acquiring the necessary property therefor and paying expenses incident thereto." There the question was presented as to whether or not the advertisement expressed a singleness of purpose in accordance with the rule laid down in *Rea v. City of LaFayette*, 130 Ga. 771, supra, and the court held that the notice was not subject to the criticism that it indicated that the bonds were to be voted for the purpose of providing funds for two or more distinct purposes. The decision then set forth the test to be applied in situations of this kind: "If it can be said that the proposed improvements are not naturally related or connected, then it is clear that separate submissions are required; if on the other hand the several parts of the project are plainly so related that, united, they form in fact but one rounded whole, it is equally clear that they may be grouped together and submitted as one proposition." *Miles v. State of Ga.*, 96 Ga. App. 610, 614, supra. Here the bond election question as proposed to the voters of Camden County showed that there were but several parts of a project plainly related and united so that they formed but one rounded whole.

■ The appellants contend that a decision in the instant case should have been postponed by the trial judge until an appeal from the decision of the State Board of Education had been

finally decided. There is nothing in the record to show on what ground the issues before the state board were predicated or that it was between the same parties. In order for this contention to prevail, the record of such pending action must have been introduced. "In the trial of a case in the superior court the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court." *Altman v. Florida-Georgia Tractor Co.*, 217 Ga. 292 (3) (122 SE2d 88). Since there was no showing made that a decision in the other case would be determinative of the issues in this case, the trial judge did not err in declining to postpone the proceeding.

■ The intervenors contend that the trial judge erred in not allowing them to introduce evidence as to the proposed allocation of the proceeds of the bond issue. Since the intervenors, appellants here, concede that this point is irrelevant unless a favorable decision was rendered in Division 2 of this opinion, this enumeration of error is without merit.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*