Rose Mary DAVIS, by next friend, John
Davis, et al., Plaintiffs-Appellants,

v.

GEORGIA STATE BOARD OF EDUCA-
TION et al., Defendants-Appellees.

No. 26547.

United States Court of Appeals
Fifth Circuit.

March 11, 1969.

Rehearing Denied April 3, 1969.

Albert E. Butler, Jesup, Ga., for plain-
tiffs-appellants.

Arthur K. Bolton, Atty. Gen., Atlanta,
Ga., S. F. Memory, Jr., Waycross, Ga.,
Alfred L. Evans, Jr., J. Lee Perry, Asst.
Attys. Gen., Atlanta, Ga., for defend-
ants-appellees.

Before BELL, AINSWORTH, and
GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of
the Court, this case has been placed on
the summary calendar for disposition
without oral argument.[1]

The appellants are a group of rural
school children and their parents. They
sought an injunction requiring the State
of Georgia to allow them to transfer
from the Ware County schools to the
Clinch County schools (said to be nearer
their residences), and to appropriate to
Clinch County the Georgia State Aid
and Minimum Foundation Funds that
would normally go to Ware County.

The case came to the district court
under a Fourteenth Amendment "equal
protection" theory, the appellants claim-

---

1. In order to establish a docket control
procedure, the Fifth Circuit adopted new
Rules 17–20 on December 6, 1968. See
Wittner v. United States, 5 Cir., 1969,
406 F.2d 1165, Fn. 1 and Appendix there-
to.

ing that such transfers of children and funds had been allowed from Telfair County, Georgia to Jeff Davis County, Georgia and from Ware County, Georgia to Coffee County, Georgia. It appears that appellant school children were attending the Clinch County schools but the state funds were not allocated therefor. The district court dismissed on the ground that the complaint presented no substantial federal question for determination.

Some of the appellants here have been engaged in a prolonged attack on a reorganization of the Ware County school system. See Booth v. Ware County Board of Education, 223 Ga. 211, 154 S. E.2d 234 (1967); Booth v. Ware County Board of Education, 223 Ga. 583, 157 S. E.2d 469 (1967); Peagler v. Thigpen, 223 Ga. 723, 157 S.E.2d 750 (1967); Peagler v. Ware County Board of Education, 223 Ga. 734, 157 S.E.2d 744 (1967); Davis v. Ware County Board of Education, 117 Ga.App. 388, 160 S.E.2d 674 (1968); Peagler v. State of Georgia, 117 Ga.App. 821, 162 S.E.2d 11 (1968). Having lost these battles in what is obviously a state concern on points of state law, they now try to breathe life into their cause by invoking the equal protection clauses of the Fourteenth Amendment.

 Basic to any complaint of denial of equal protection must be some showing that the persons or groups being treated differently are similarly situated and that their disparate treatment by the state is either without any rational basis or is based on some invidious factor such as race. There are numerous bases upon which Georgia could draw valid distinctions between the appellants and other school transferees. See Ga.Code, Ann., Title 32, § 650 [2] and the regulations promulgated thereunder.

2. § 32–650:

" * * * the State Board of Education is hereby authorized to provide, by regulation, a procedure and manner whereby a pupil shall, for such compelling reasons and circumstances as may be defined and specified by the State Board, be permitted to attend and be included as an enrolled pupil in average daily attendance in the public schools of a local unit of administration immediately adjacent to the local unit of administration wherein the pupil resides for the purpose of allotting State funds under provisions of this Chapter, notwithstanding absence of an agreement between the two adjacent local units and a refusal by the board of education of the local unit wherein the pupil resides to voluntarily approve such transfer of the pupil to the public schools of the adjacent local unit: Provided, however, that the board of education of the adjacent local unit is willing to receive and permit such pupil to enroll in and attend the public schools of such local unit. The State Board shall adopt such rules, regulations and policies as may be necessary for implementation of this section. Grant or refusal of permission for pupils to attend such schools, for the purpose of permitting State funds to follow such pupils, shall be entirely discretionary with the State Board and shall, in the absence of a clear abuse of discretion by the board, be final and conclusive. * * * "

The regulations promulgated pursuant to this statute provide:

(1) Children whose parents desire them to go from the school districts of their residence to attend school in another school district, in the absence of a written agreement between the systems, may be reported for the allotment of State funds under the following conditions, as may be considered "compelling reasons" in his case:

(a) the school to which the child is transferring has a higher accreditation rating than the school in his home district;

(b) the members of the staff in the school to which the pupil wishes to transfer hold higher certificates and are better qualified than in the school to which the pupil is assigned;

(c) the school offers particular courses which the pupil needs, but which are not offered in the school to which the pupil is assigned;

(d) transportation is more practical and convenient to the school in the adjoining district;

(e) buildings, equipment, libraries, laboratories and other facilities to be better than in the school to which the pupil is assigned.

In order to show such "similar situation" appellants had to claim either that they came within some of the Georgia provisions for transfer and were still denied transfer, or that the other transferees from Telfair and Ware Counties did not come within any of the Georgia provisions for transfer, and were, nevertheless, allowed to transfer. Appellants made no such claim. Thus their complaint presented no substantial federal question for determination and the district court did not err in dismissing.

Affirmed.

(2) In each case the following conditions must exist:
(a) in each case, an application must be made individually for each pupil;
(b) the board of education of the receiving system must be willing to receive and permit such pupil to enroll in and attend the public schools of the local system without tuition, and on the same basis as children who reside in the system. Rules & Regs., State of Georgia, § 160–1–.13.