**ZAYRE OF GEORGIA, INC., et al.,**
**Appellants,**

v.

**The CITY OF MARIETTA et al.,**
**Appellees.**

**No. 26161.**

United States Court of Appeals
Fifth Circuit.

July 30, 1969.

Rehearing Denied and Rehearing En Banc Denied Sept. 25, 1969.

**252**

Hoke Smith, Malcolm H. Ringel, Smith, Cohen, Ringel, Kohler, Martin & Lowe, William T. Johnson, Atlanta, Ga., for Zayre of Georgia, Inc., and S. S. Kresge Co., appellants.

Lawrence B. Custer, Marietta, Ga., for Gibson's Discount Centers, Inc., intervenor; Custer, Brenner & Smith, Marietta, Ga., of counsel.

Berl Tate, Arthur Crowe, Jr., Ben F. Smith, Sol. Gen., pro se, George W. Darden, Marietta, Ga., for appellees.

Before BELL and COLEMAN, Circuit Judges and BOYLE, District Judge.

BELL, Circuit Judge:

This is an appeal from the denial of a motion to broaden a preliminary injunction issued by the United States District Court for the Northern District of Georgia.[1] We affirm.

Appellants, Zayre of Georgia, Inc. and S. S. Kresge Company, both retail department stores,[2] initiated this litigation seeking an injunction against the cities of Marietta and Smyrna, Georgia and the Solicitor General of the Cobb Judicial Circuit prohibiting the discriminatory enforcement of the Georgia Sunday closing law, Ga.Code Ann. § 26–6905,[3] and the revocation of business licenses on the grounds of alleged violations of the closing law. Appellants alleged that while they were being threatened with prosecution and revocation of their business licenses for remaining open in violation of the statute, other business establishments selling all or some of the items which appellants offered for sale in direct competition with appellants were being allowed to conduct business on Sunday without threat of prosecution or revocation of licenses. It was appellants' contention that such unequal enforcement denied them equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

On the same day the complaint was filed the District Court issued a temporary restraining order, the pertinent part of which reads as follows:

"In the meantime and until further order of this Court the defendants

1. On appealability, see Dilworth v. Riner, 5 Cir. 1965, 343 F.2d 226.

2. Subsequently, Gibson's Discount Centers, Inc. moved for and was granted leave to intervene as a plaintiff.

3. Ga.Code Ann. § 26–6905 reads as follows:
"Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity alone excepted, shall be guilty of a misdemeanor."

and all persons acting in concert with them, are temporarily restrained from enforcing Section 26–6905 of the Code of Georgia of 1933 in a discriminatory manner and from revoking business licenses by reason of the violation of said Code Section in a discriminatory manner. This restraining order is not intended to prohibit the enforcement of Section 26–6905 of the Code of Georgia of 1933 * * * nor to prohibit the revocation of business licenses by reason of its violation, but rather it orders that such enforcement be on a nondiscriminatory basis * * *."

Thereafter, the court entered a preliminary injunction in substantially the same terms as the temporary restraining order previously entered. Appellants moved for further relief. Their idea was that the relief originally sought was not broad enough in that others not in competition with them were being allowed to operate their regular businesses or engage in their regular occupations on Sundays without threat of sanction, while appellants were required to do so at their risk. Accordingly, appellants moved the district court to enlarge and broaden the preliminary injunction already in effect so as to enjoin this alleged form of discrimination. They cited several examples of non-competitive businesses or occupations as to which the statute was not being enforced. Some of these included aircraft manufacturing, real estate, florist, the delivery of newspapers, theaters, funeral directors, and radio stations. The district court denied the motion to enlarge and set out the principal reason for said denial as follows:

"This case originally came before this court on the basis of discriminatory enforcement of the statute as between persons similarly situated within Cobb County. This is what was enjoined and all that was enjoined. It is still enjoined. But by their motion to enlarge the plaintiffs do not complain of discriminatory enforcement against them. What they do complain of is non-enforcement against other profes-

sions and trades in which plaintiffs are apparently not engaged. There is, of course, a great difference between discriminatory enforcement of a statute and non-discriminatory non-enforcement. So far as appears from their motion, for example, the plaintiffs themselves, if they care to do so, may operate a funeral parlor, a radio station, a pet shop, a florist shop or a business in any of the other categories complained of on the same basis as all other persons.

"Such being the situation, it is difficult to see how the plaintiffs have standing to assert the charges contained in their motion."

■ There is no contention that the Sunday closing law is unconstitutional. Cf. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), and Two Guys from Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961). The sole issue presented is whether appellants have standing to assert a denial of equal protection under the facts of the case. We agree with the district court that they do not.

Appellants' predicate is the Fourteenth Amendment prohibition against unequal enforcement of statutes or ordinances announced in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886):

"* * * Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."

The resolution of the issue in the case before us depends upon the extent to which the principle of *Yick Wo* is applicable to the facts of this case. *Yick Wo* involved discrimination based on race between two classes in direct economic

competition with one another. Here, after the granting of the preliminary injunction, there could no longer be any inequality of treatment among those in direct economic competition nor is any claimed. Consequently, there is no basis for applying the teaching of *Yick Wo* in the instant case wherein those allegedly receiving preferential treatment are not in similar circumstances to appellants.

■ In a recent case we found no substantial federal question in a context of alleged disparate treatment of school children not similarly situated. Davis v. Georgia State Board of Education, 5 Cir., 1969, 408 F.2d 1014. We stated:

"Basic to any complaint of denial of equal protection must be some showing that the persons or groups being treated differently are similarly situated and that their disparate treatment by the state is either without any rational basis or is based on some invidious factor such as race. * * * " 408 F.2d at 1015.

If appellants are contending, as the district court discerned the situation, that they should be immunized from prosecution under the statute unless and until other violators are brought to justice, then their attack also must fail under the circumstances here. A similar argument was rejected by the Supreme Court in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). See also Moss v. Hornig, 2 Cir., 1963, 314 F.2d 89; and United States v. Rickenbacker, 2 Cir., 1962, 309 F.2d 462.

■■ In sum, appellants failed to allege a cause of action under the equal protection clause. The federal courts have no general supervisory power over the operation of state and local governments. The federal courts can, of course, afford relief where the equal protection of the law is denied by a state or a local government but such a denial subsumes discrimination. A showing of discrimination rests, in turn, on a difference in treatment as between those similarly situated. The similarity element is missing here.

Affirmed.

BOYLE, District Judge (dissenting).

I respectfully dissent and would, therefore, reverse and remand the case to the District Court with directions to enjoin any discrimination whatsoever in the enforcement of the statute amongst all those pursuing the same or different business or occupations not within the statutory exceptions.

The courts of Georgia are the proper courts to pass upon the meaning of a Georgia statute (including any exceptions thereto) and, assuming that the Georgia courts have reasonably interpreted a constitutional statute—and there is no contention to the contrary in this case—no obstacle exists to the fair enforcement of such a statute. It is then up to the authorities charged with the enforcement of State laws to enforce them fairly, as interpreted, until their repeal.

While it is generally true that one is not entitled to complain of non-enforcement as to others when a given statute is sought to be enforced against him, it is also true that invidious, purposeful selectivity or discrimination in the enforcement of a statute cannot be squared with the Fourteenth Amendment's mandate of Equal Protection of the Law.

An examination of the statute herein involved reveals that by its terms it applies to "any person who shall pursue his business or the work of his ordinary calling." But for its exemption of "works of necessity or charity," it admits of no classifications whatever. Consequently, the statute provides no basis for. any differential enforcement outside the area of works of necessity or charity. Accordingly, no support can be found in the statute for enforcement thereof as to one type of business or occupation and non-enforcement as to other covered businesses or occupations. In my view, enforcement in such a manner contravenes the rights of those against whom it is so enforced to equal protection under the law as guaranteed by the Fourteenth Amendment and should be enjoined.

While prosecuting authorities have the right, and, indeed, in many instances the duty, to exercise some judgment and discretion in the enforcement of statutes, it is not their prerogative to carve out exceptions to statutes of universal or general application,[1] particularly, when such exceptions have been previously explicitly rejected by the courts of the state enacting the statute.

The contention was advanced by appellants in support of their motion to enlarge the injunction already issued by the district court that certain businesses and occupations, which the courts of Georgia have held to be subject to the Sunday work prohibition and without the ambit of the statutory exceptions, are being permitted to be conducted on Sunday with impunity while the statute is still being enforced as to petitioners, retail merchants. If this be the case, and the record as presently before us indicates that it is, petitioners are entitled to injunctive relief.

The right to engage in one's regular business or occupation is fundamental to our political heritage and our economic philosophy of free enterprise. Any regulation of that right should be not only reasonable on its face in light of the governmental purpose of such regulation, but should be applied with scrupulous equality. It, therefore, appears less than just to close the courthouse doors to appellants on the ground that they have no standing to seek relief from unequal treatment since those in the same business or occupation are subject to the same unequal treatment. To so hold, it seems, reveals a basic misconception of the phrase "similarly situated."

Without the excepted classifications, all persons, all businesses, all occupations and all activities are similarly situated in the contemplation of the statute.[2]

Thus, those "similarly situated" in this case are all persons pursuing their regular business or calling, other than in the spheres of charity or necessity. The statute applies to "any person" and, therefore, those "similarly situated," for purposes of this statute, are "all persons" and are those entitled to be treated alike. The fact that a retail merchant is more "similarly situated" with other retail merchants, for example, than he is with a florist or pet shop operator, does not compel the conclusion that the retail merchant and the florist and the pet shop operator are not "similarly situated" so far as this statute is concerned. To hold otherwise is to read Yick Wo v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220 (1886) too narrowly.

---

1. In Zayre of Georgia, Inc. v. City of Atlanta, 276 F.Supp. 892 (N.D.Ga.1967) Judge Lewis R. Morgan, now of this Court, wrote:

> "*McGowan* and *Two Guys* make it clear that a state can constitutionally effect and maintain Sunday closing laws. These cases also make it clear that the state can choose to create *reasonable* exceptions, either by legislation or judicial action; however, this Court is of the opinion that neither case stands for the proposition that municipalities may choose to carve out exceptions via selective enforcement of the state statute."

2. The Supreme Court of Georgia in Hennington v. State, 90 Ga. 396, 17 S.E. 1009 (1892), aff'd sub nom. Hennington v. State of Georgia, 163 U.S. 299, 16 S.Ct. 1086, 41 L.Ed. 166 (1896) made the following comments concerning the statute.

> "It applies alike to all business, vocations, and occupations. It concerns the general policy of the state and all interests, whether agricultural, mechanical, manufacturing, commercial, professional, or what not. It is universal, and rigidly impartial, making no discrimination whatever for or against commerce or anything else. It puts no obstacle in the way of trade or its operations which is not encountered by every other class of worldly business or employment. Nontrading days are nonbusiness days, generally, and nonworking days for all the people. Trade may go when anything else can. It stops only when, and so long as, there is a complete suspension of worldly enterprise and activity. It is required to take no rest which is not appointed for everything else to take."

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

BOYLE, District Judge, dissents.