26173, 26176.   GEORGIA EDUCATION AUTHORITY (SCHOOLS) v. DAVIS et al.; and vice versa.

UNDERCOFLER, Justice. This is an action by citizens and taxpayers of Ware County against the Georgia Education Authority (Schools), the Ware County Board of Education, and others. It seeks to enjoin the Authority from commencing the construction of a certain senior high school building in Ware County, from using certain funds for such construction, and from recording any deed to the land upon which the school is to be located. It seeks to enjoin the county board of education from

the establishment of a senior high school at such location, from receiving any of said funds, and from pledging any of its land to said Authority. The petition alleges that the defendant Authority is threatening to construct a school with capital outlay funds in the amount of $732,000 on land owned by the county board of education; that said land is not embraced within the cost of construction and has not been leased or sold at a reasonable value to the defendant Authority; that construction of the school will result in a misuse of said trust funds; that the expenditure of said capital outlay funds was conditioned upon the ability of the defendant county board of education to furnish local capital funds from its unused bonding capacity which condition has not been fulfilled; that the county board of education is seeking to act in excess of its authority since there are no local matching funds and no legal sources of funds available for such project; that the county board of education cannot legally pledge its property for the project as proposed; and that the defendant Authority and the defendant board of education are acting ultra vires and are attempting to construct a school contrary to law.

The defendant Authority filed a counterclaim for damages and costs incurred by plaintiffs' malicious and frivolous attempts to delay the construction of said school by repeated litigation. It prayed also that the plaintiffs, Robert Peagler, and others, be enjoined from bringing any complaint or taking any other action interfering with the construction of said school. The counterclaim alleges that Robert Peagler, a resident and citizen of Ware County, intervened in the bond validation proceedings for said school construction project in 1967 and that said validation was approved in the lower court and affirmed on appeal (*Peagler v. State of Ga.,* 117 Ga. App. 821 (162 SE2d 11)); that subsequently the bonds were sold to innocent purchasers for value; that thereafter said Robert Peagler and others filed another suit in Fulton County seeking to enjoin the defendant Authority from constructing said school; that this decision was adverse to the plaintiffs and affirmed on appeal (*Cox v. Ga. Education Authority,* 225 Ga. 542 (170 SE2d 240)); that thereafter the plaintiffs brought a suit in Ware County to enjoin said school

construction; that this action was dismissed on a plea to the jurisdiction and an appeal therefrom is now pending in this court (*Davis v. Ware County Board of Education,* 227 Ga. post); that thereafter the instant suit was filed in Fulton County; that the plaintiffs in this action are acting in conjunction with Robert Peagler and others and are and have conspired to obstruct and delay the construction of said school facility; that all of said suits were frivolous and made in bad faith for the sole purpose of obstructing the orderly and lawful construction of said school facility; that even though the plaintiffs and their associates have failed in each and every action filed, they continue to file such suits; that the plaintiffs have been stubbornly litigious and have acted in bad faith by the institution of this complaint and others prior thereto and that the defendant is entitled to litigation expenses in the amount of $6,500; $118,000 as increased cost of construction; and $25,000 as punitive damages. The defendant Authority sought a judgment in these amounts and sought to have Robert Peagler made a party to respond to the counterclaim.

The Authority moved for a summary judgment, sought to have a jury try issues raised in its counterclaim, and sought to have the plaintiffs and Robert Peagler temporarily enjoined as prayed in the counterclaim until final disposition of the cause.

The plaintiffs moved to dismiss the counterclaim.

At the hearing on the motions the entire bond validation proceedings for said $732,000 were introduced in evidence. The trial judge in the bond validation proceeding in a comprehensive order found that the Ware County Board of Education, the State Board of Education and the Georgia Education Authority (Schools) were authorized to enter into the various leases and contracts in connection with the bond issue, and that each of them had taken all the necessary and proper action for the construction of said senior high school in Ware County. The judgment of the trial court was affirmed on appeal in *Peagler v. State of Ga.,* 117 Ga. App. 821, supra.

The trial court granted the Authority's motion for summary judgment, enjoined the Georgia Education Authority (Schools) from accepting bids on the construction of the high school facility in

Ware County until the appeal was disposed of and the remittitur returned to the trial court, and dismissed the counterclaim of the defendant Authority.

The defendant Authority filed an appeal from the dismissal of its counterclaim and that portion of the court's order which granted an injunction pending the appeal. The plaintiffs cross appeal from the judgment sustaining the Authority's motion for summary judgment. *Held:*

1. The Georgia Education Authority (Schools) in its counterclaim against the plaintiffs for malicious use of civil process prayed for damages in the sum of $118,000 for increased cost of construction resulting from delay caused by such litigation, $6,500 for litigation expenses, and $25,000 punitive damages. "By unanimous decisions this court has held that, in order to recover in a suit for malicious use of civil process, it must be shown that such process caused either (1) an arrest of the person, or (2) seizure of property, or (3) other special injury. *Mitchell v. Southwestern Railroad,* 75 Ga. 398; *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76)." *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, 108 (70 SE2d 734).

The counterclaim does not involve an arrest or seizure of property but prays for special damages incurred by the defendant. "When items of special damage are claimed, they shall be specifically stated." Ga. L. 1966, pp. 609, 620 (*Code Ann.* § 81A-109 (g)). The special damages specifically claimed by the defendant Georgia Education Authority (Schools) are cost of litigation, increased cost of construction and punitive damages.

Attorneys' fees and other expenses incurred in defending litigation are not such special damages as can be recovered in a suit for malicious use of civil process. *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, supra.

The only litigation since the bond validation proceeding (*Peagler v. State of Ga.,* 117 Ga. App. 821, supra) of which the counterclaimant can properly complain in this action were the causes appealed in *Cox v. Ga. Education Authority,* 225 Ga. 542, supra, seeking to set aside and cancel the revenue bonds; *Davis v. Ware County Bd. of Educ.,* 227 Ga. post, and the instant case. The counterclaimants cannot rely upon the *Davis v. Ware*

*County Bd. of Educ.* case, supra, now on appeal in this court, or upon the instant case as a basis for malicious use of civil process since these actions have not terminated. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey & Phillips,* 131 Ga. 440, 443 (62 SE 527); *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565). Nor did the *Cox* case, supra, prevent or retard the counterclaimants from proceeding with construction. Therefore, the record before us shows that the delay in construction did not result from the litigation which can be complained of here but rather was done voluntarily by the counterclaimants. *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, supra.

It follows that since the special damages claimed are not recoverable in this action, the prayer for punitive damages cannot be sustained. *Foster v. Sikes,* 202 Ga. 122 (42 SE2d 441); *Code* § 105-2002.

2. The counterclaimants contend that they are entitled to an injunction in the nature of a bill of peace to prevent the complainants from taking any other action interfering in any way whatsoever with the construction of said school facilities by the Georgia Education Authority (Schools). "[A] bill of peace is a very rigorous and extreme remedy, and [e]very reasonable doubt of its being the more appropriate remedy should be given against it. In so far as entertaining it is a matter of discretion, the discretion should be exercised in its favor in none but a clear case. *Bond v. Little,* 10 Ga. 396." *Jenkins v. Nolan,* 79 Ga. 295, 301 (5 SE 34).

Under this record, the trial judge did not err in refusing to grant the injunction.

3. The judgment of validation of the bonds issued pursuant to the contract of the Georgia Education Authority (Schools) with the Ware County Board of Education and affirmed by the Court of Appeals (*Peagler v. State of Ga.,* 117 Ga. App. 821, supra) was conclusive on the question of the validity of the bonds, lease, contract, and transfer of property. *Cox v. Ga. Education Authority,* 225 Ga. 542, supra; *Code Ann.* § 32-1428a.

4. Section 26 of the Act of 1951 (Ga. L. 1951, pp. 241, 259) provides: "All moneys received pursuant to the authority of this Act, whether as proceeds from the sale of revenue bonds, as grants or other contributions, or as revenues, rents, and earnings, shall be deemed to be trust funds to be held and applied solely as provided in this Act." *Code Ann.* § 32-1426a. There is nothing in this record which shows that the moneys received from the sale of the revenue bonds will amount to a diversion of trust funds. Compare *Board of Educ. of Paulding County v. Gray,* 203 Ga. 583 (47 SE2d 508). The bonds were validated for the purpose of building the Ware County Senior High School and nowhere does it appear in the record that they will be used for any other purpose.

5. In view of the above rulings, the other contention of the appellant in the main appeal need not be decided.

*Judgment affirmed on the main appeal and the cross appeal. All the Justices concur.*

ARGUED NOVEMBER 10, 1970—DECIDED DECEMBER 3, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Jr., H. Perry Michael, Assistant Attorneys General,* for appellants.

*Albert E. Butler, S. F. Memory, Jr., M. C. Pritchard,* for appellees.